UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20394-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDILBERTO GARCIA IBARDO,

    Defendant.
_____/

## ORDER ON MOTIONS TO REDUCE SENTENCE

**THIS CAUSE** is before the Court upon Petitioner Edilberto Garcia's three separate Fair Sentencing Act Motions to Reduce Sentence, ECF Nos. [82], [87], [93] (collectively, "Motions"). The three Motions are substantially similar. The Government filed a Response to each Motion. ECF Nos. [85], [90], [94]. Petitioner filed additional briefing in support of his Motions. *See* ECF Nos. [86], [91], [92]. The Court has reviewed the Motions, the Responses, Petitioner's additional filings, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

**I.    BACKGROUND**

On November 13, 2009, in *United States v. Garcia Ibardo*, a federal case filed in the Middle District of Florida, Case No. 09-cr-00385, Petitioner pled guilty to a charge of conspiracy to operate a semi-submersible vessel without nationality, and a separate charge of conspiracy to distribute five or more kilogram of cocaine. *See* Acceptance of Plea, Case No. 09-cr-00385 (M.D. Fla. Nov. 13, 2019). He was ultimately sentenced to a prison term of 108 months. *See* Order, *United States v. Garcia Ibardo*, Case No. 09-cr-00385 (M.D. Fla. Sept. 17, 2012). He was released

from prison on June 13, 2017. *See* Notice, *United States v. Garcia Ibardo*, Case No. 09-cr-00385 (M.D. Fla. Feb. 20, 2018).

On June 16, 2019, while on supervised release, Petitioner committed the exact same crimes that led to his first lengthy imprisonment – that is, he was again found operating a semi-submersible vessel without nationality and with over five kilograms of cocaine. ECF No. [29] at 1. This Court accepted Petitioner's guilty plea to charges of conspiring to operate a semi-submersible vessel without nationality and conspiring to distribute five kilograms or more of cocaine, and the Court sentenced him to 220 months. ECF No. [62] at 2. Petitioner was separately sentenced to 24 months for violating the terms of supervised release in his first case. *See* Judgment for Revocation, Case No. 19-tp-20051 (S.D. Fla. Jan. 14, 2020). The two prison sentences were ordered to run consecutive, totaling to a 244-month term of imprisonment. *Id.*

Petitioner is due to be released on October 13, 2036. ECF No. [85] at 2. He has served less than a quarter of his sentence. *Id.* at 10.

As noted above, Petitioner's three Motions are substantially similar. ECF Nos. [82], [87], [93]. They all request early release pursuant to 18 U.S.C. § 3582(c)(1)(A). They differ solely regarding the different cases Plaintiff references in support of his requests.

The Government's three Responses are also similar to one another. *See* ECF Nos. [85], [90], [94]. The Government asserts that Petitioner has failed to exhaust his administrative remedies, he has failed to show that extraordinary and compelling circumstances exist, and the 18 U.S.C. § 3553(a) factors weigh against Petitioner's release. *See generally* ECF No. [94].

In his Replies, Petitioner asserts that he has attempted exhaust his administrative remedies, but the Bureau of Prisons (BOP) has been "unresponsive" to his grievances and requests. ECF Nos. [86], [92].

## II.   LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Petitioner seeks relief specifically under the compassionate release provision, § 3582(c)(1)(A), which states:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The current policy statement provides that

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> > (1)(A) extraordinary and compelling reasons warrant the reduction; or
> >
> > (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> >
> > (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) the reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) **Medical Condition of the Defendant.**—
> >
> > > (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> > >
> > > (ii) The defendant is—
> > >
> > > > (I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) **Family Circumstances.**—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018) ("U.S.S.G.").

Although the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons," the United States Court of Appeals for the Eleventh Circuit has determined that § 1B1.13 is applicable for all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly, and courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *United States of America v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Accordingly, the Court must apply § 1B1.13 to determine whether extraordinary and compelling circumstances exist.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled

to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Through this lens, the Court considers the instant Motion.

### III. DISCUSSION

As noted above, the first step of the § 3582 analysis is to determine whether Petitioner has exhausted his administrative remedies. As the Government correctly notes, Petitioner has failed to produce any document indicating that he has requested from the BOP the relief he now seeks in the instant Motions. ECF No. [85] at 6 n.4. In his Replies, Petitioner asserts that his medical requests to the BOP "have gone unheeded or have been lost through the doldrums of stagnation and Bureaucratic Red Tape." ECF No. [86] at 1. But Petitioner does not represent that he requested the specific remedy at issue in the instant Motions, and he has not attached any document indicating that exhaustion has occurred. Because the record does not indicate Petitioner has

exhausted his administrative remedies, Petitioner's Motions are subject to denial on this basis alone. *See United States v. Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021).

As to "extraordinary and compelling circumstances" that justify early release, Petitioner argues that the disparity between his sentence and those of his co-defendants warrants his release, and that his sentence is overly harsh. ECF No. [87] at 1-2. As noted above, the Court is limited to the definition of "extraordinary and compelling" reasons described in U.S.S.G. § 1B1.13, which include a prisoner's medical condition, age, and family circumstances. *Bryant*, 996 F.3d at 1248. The reasons cited by Petitioner do not fall within those guidelines. Petitioner's failure to establish an extraordinary and compelling circumstance is a second reason that his Motions must be denied.

Because the Motions fail to establish exhaustion of administrative remedies or any extraordinary and compelling circumstance to justify his early release, the Court need not address in detail the remaining considerations under § 3553(a) or § 3142(g). CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [82]**, is **DENIED;**

2. The Motion, **ECF No. [87]**, is **DENIED**;

3. The Motion, **ECF No. [93]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

**Edilberto Garcia Ibarbo**
51184-018

Case No. 19-cr-20394-BLOOM

Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521
PRO SE