UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-20394-BLOOM

UNITED STATES OF AMERICA,

v.

EDILBERTO GARCIA IBARBO,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Edilberto Garcia Ibarbo's Motion for Reconsideration, ECF No. [106]. The Government filed a Response in Opposition, ECF No. [107]. Defendant did not file a Reply. The Court has considered the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)); *see also United States v. Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) ("The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule.") (quotation omitted)). 18 U.S.C. § 3582(c)(2) permits the modification of a term of imprisonment under the following circumstances, among others:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

When the district court considers a § 3582(c)(2) motion, it must apply a two-step approach. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court must determine if the defendant is eligible for relief under § 3582(c)(2) by determining the "amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quotation omitted). This step also requires determining whether a reduced sentence would be consistent with the Sentencing Commission's applicable policy statements. *See id.* at 826 ("The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"). Second, the court must decide whether to exercise its discretion to impose the newly calculated sentence under the amended Guidelines or retain the original sentence by considering the § 3553(a) factors. *Id.*

Defendant seeks a two-point sentence reduction under Amendment 821's "status points" provision. Part A of Amendment 821 amends U.S.S.G. § 4A1.1(d), which previously stated that two criminal history points are to be added if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, [or] imprisonment . . . ." Part A of Amendment 821 also redesignates this provision as § 4A1.1(e). *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment at 3, United States Sentencing Commission, ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. § 4A1.1(e) amends the previous "status points" provision in two ways: (1) the provision no longer applies "to offenders with six or fewer criminal history points, even if the instant offense was committed while the offender was under a criminal justice sentence; and (2) defendants with

seven or more criminal history points will be assessed one additional criminal point, instead of two." *Id.* Accordingly, defendants who received "status points" are eligible for a two-point reduction if they have six or fewer criminal history points, or a one-point reduction if they have seven or more criminal history points. *Id.*

On March 6, 2024, the Court denied Defendant's Motion for a Reduced Sentence, ECF No. [102]. *See* ECF No. [105] ("Order"). The Court concluded "Defendant is ineligible for a sentence reduction under Part B of Amendment 821 because he had criminal history points at the time of sentencing." *Id.* Defendant seeks reconsideration of the Court's Order. For support, Defendant points out he is seeking a reduced sentence pursuant to Part A of Amendment 821, not Part B. Defendant contends he is eligible for a two-point reduction under Part A of Amendment 821 because he received two additional "status points" under the since-amended provision and has a total of five criminal history points. The Government responds that the Court should deny the instant Motion because Defendant is ineligible for relief under Part A of Amendment 821. The Government acknowledges Amendment 821's "status points" provision applies to Defendant. However, the Government correctly points out that Defendant is ineligible for relief because his sentence is already below the amended guideline range.

The Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.10(2)(A), provides that the Court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." Defendant's total offense level was 37, with a criminal history category of III, reflecting a guideline range of 262 to 327 months. However, the Court imposed a variance and imposed a sentence of 220 months. *See* ECF No. [62]. Under Part A of Amendment 821, a two-point reduction of Defendant's sentence would lower his criminal history category from III to II, with an amended guideline range of 235 to 293 months.

3

Case No. 19-cr-20394-BLOOM

As a result, the Defendant's sentence of 220 months is already below the amended guideline range. Defendant is therefore ineligible for a two-point reduction of his sentence under Parts A *and* B of Amendment 821.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration, **ECF No. [106]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Edilberto Garcia Ibarbo
51184-018
FCC Coleman Low
P.O. Box 1031
Coleman, FL 33521
PRO SE